UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN FLORES,<br><br>          Petitioner,<br><br>     v.<br><br>MICHAEL L. BENOV,<br><br>          Respondent. | Case No. 1:14-cv-00292-LJO-BAM-HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION (DOC. 15)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (DOC. 1) AND TO DIRECT THE CLERK TO CLOSE THE ACTION |

   Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the Respondent's motion to dismiss the petition as moot, which was filed on July 2, 2014. Petitioner filed opposition to the motion on August 7, 2014. Although the fourteen-day period for filing a reply has passed, no reply has been filed.

   I.   Background

   Petitioner, an inmate of the Taft Correctional Institution (TCI), challenges the disallowance of forty-one days of good conduct

1

time credit, as well as three months in disciplinary segregation and loss of telephone privileges for a year, that Petitioner suffered as a result of prison disciplinary findings, initially made at TCI on or about July 19, 2013, that he engaged in the prohibited conduct of possession of a hazardous tool (a cell phone). (Pet., doc. 1, 1-11.) Petitioner seeks invalidation of the sanction and injunctive relief. Petitioner raises the following claims in the petition: 1) because the disciplinary hearing officer (DHO) was not an employee of the Federal Bureau of Prisons (BOP) and thus lacked the authority to conduct the disciplinary hearing and make findings resulting in punishment, including disallowance of good conduct time credit, Petitioner suffered a violation of his right to due process of law; and 2) because the DHO was not an employee of the BOP but rather was an employee of a private entity with a financial interest in the disallowance of good conduct time credits, Petitioner's due process right to an independent and impartial decision maker at the disciplinary hearing was violated. (Id. at 1-9.)

Respondent moves for dismissal of the petition as moot because the disciplinary charges were reheard via teleconference on May 28, 2014, by a certified disciplinary hearing officer of the BOP. At the rehearing, Petitioner denied possessing the phone but admitted that he was shown in photographs ("selfies") stored in the phone. He claimed that he had been coerced into a previous admission of the violation. The BOP DHO found that Petitioner had committed the prohibited misconduct, and he assessed the same disallowance of good conduct time credit (forty-one days) and imposed the same three-month placement in segregation and year's loss of telephone privileges. (Doc. 15-1 at 1-3, 13-15.)

2

II.  Mootness

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. See, Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied. Spencer v. Kemna, 523 U.S. at 18.

Here, documentation submitted by Respondent in support of the motion to dismiss demonstrates that the claims initially alleged by Petitioner are no longer in controversy. The charges were reheard by an officer who had the precise qualifications that Petitioner had alleged were required by principles of due process of law and the pertinent regulations. It is undisputed that the findings and sanctions that constituted the object of Petitioner's challenges in the petition have now been superseded by the findings and sanctions

3

of the certified BOP DHO.

When, because of intervening events, a court cannot give any effectual relief in favor of the petitioner, the proceeding should be dismissed as moot. Calderon v. Moore, 518 U.S. 149, 150 (1996). In the present case, it appears that the only relief that Petitioner sought was invalidation of the findings and associated sanctions. It has been demonstrated that the rehearing of the incident report by an indisputably qualified DHO has effectuated the relief sought by Petitioner. Thus, it is no longer possible for this Court to issue a decision redressing the injury.

Petitioner argues that the controversy is not moot because the rehearing was part of disciplinary proceedings that were wholly invalid or unconstitutional. The asserted invalidity is based on the fact that in the earlier stages of the disciplinary process, employees of the private prison management company, who did not constitute BOP staff, participated in violation of various regulations, including 28 C.F.R. § 541.5(a), which requires "staff" to witness or suspect a violation and issue an incident report; 28 C.F.R. § 541.5(b), which requires a "Bureau staff member" to investigate the incident report; and § 541.7(b), which directs that it is "staff" who ordinarily serve on a unit disciplinary committee (UDC), a body which considers disciplinary charges before the charges are heard by a DHO. Petitioner argues that the hearing and rehearing process evinced deliberate indifference to his liberties and violated his Fifth Amendment right to equal protection of the laws and his Eighth Amendment right to be free from cruel and unusual punishment.

However, the documentation attached to the petition shows that

the BOP DHO considered not only the incident report and investigation, but also photographic evidence and Petitioner's admission that the phone was his and that the photographs had been taken in the shower to be sent to his girlfriend.  (Doc. 15-1, 14-15.)  Despite Petitioner's later recantation of his previous admissions, the photographs and Petitioner's earlier admissions provide strong and independent support for the finding of misconduct and also undercut Petitioner's general allegation that he suffered a taint from the participation of non-BOP staff in the earlier stages of the disciplinary process.

Further, the documentation establishes that Petitioner received all procedural due process due under Wolff v. McDonnell, 418 U.S. 539 (1974).  (Doc. 15-1 at 9-11, 13-15.)  Procedural due process of law requires that where the state has made good conduct time credit subject to forfeiture only for serious misbehavior, then prisoners subject to a loss of credits must be given advance written notice of the claimed violation, a right to call witnesses and present documentary evidence where it would not be unduly hazardous to institutional safety or correctional goals, and a written statement of the finder of fact as to the evidence relied upon and the reasons for disciplinary action taken.  Wolff v. McDonnell, 418 U.S. at 563-64.  Further, if the inmate is illiterate, or the issue so complex that it is unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, the inmate should have access to help from staff or a sufficiently competent inmate designated by the staff.  However, confrontation, cross-examination, and counsel are not required. Wolff, 418 U.S. at 568-70.  Where good conduct time credits are a

protected liberty interest, the decision to revoke credits must also be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Here, the photographs and Petitioner's admission of responsibility preclude a claim of a lack of evidence to support the disciplinary finding. Likewise, the documentation shows that Petitioner received adequate notice; waived witnesses, staff representation, and presentation of evidence; and received a written statement of the decision. (Doc. 15-1 at 9-11, 13-15.) In light of these circumstances, the Court concludes that Petitioner has not suffered any prejudice from either participation of non-BOP staffers in the earlier stages of the disciplinary process or any delay experienced in the course of the rehearing process.

It is recognized that generally a failure to meet a prison guideline regarding a disciplinary hearing would not alone constitute a denial of due process. See Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989). In the absence of controlling authority, the Court notes that several courts have concluded that to establish a denial of due process of law, prejudice is generally required. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (proceeding pursuant to 28 U.S.C. § 2254); see also Tien v. Sisto, Civ. No. 2:07 cv-02436-VAP (HC), 2010 WL 1236308, at *4 (E.D.Cal. Mar. 26, 2010) (recognizing that while neither the United States Supreme Court nor the Ninth Circuit Court of Appeals has spoken on the issue, numerous federal Courts of Appeals, as well as courts in this district, have held that a prisoner must show prejudice to state a habeas claim based on an alleged due process violation in a disciplinary proceeding, and citing Pilgrim v. Luther, 571 F.3d 201,

6

206 (2d Cir. 2009)); Howard v. United States Bureau of Prisons, 487 F.3d 808, 813 (10th Cir. 2007); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003); Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir. 1992); Poon v. Carey, no. Civ. S 05 0801 JAM EFB P, 2008 WL 5381964, *5 (E.D.Cal. Dec. 22, 2008); and Gonzalez v. Clark, no. 1:07 CV 0220 AWI JMD HC, 2008 WL 4601495, at *4 (E.D.Cal. Oct. 15, 2008)); see also Smith v. United States Parole Commission, 875 F.2d 1361, 1368-69 (9th Cir. 1989) (holding in a § 2241 proceeding that a prisoner, who challenged the government's delayed compliance with a procedural regulation that required counsel to be appointed before a record review in parole revocation proceedings, was required to demonstrate prejudice to be entitled to habeas relief); Standlee v. Rhay, 557 F.2d 1303, 1307-08 (9th Cir. 1977) (stating that burden is on a parolee to demonstrate that failure to permit a witness's live testimony at a revocation hearing was so prejudicial as to violate due process).  Here, in view of the passage of time since the disciplinary misconduct, Petitioner asks how he can call the employees who wrote the rules violation report, investigated the matter, and handled the UDC hearing.  However, Petitioner does not suggest what evidence any witnesses could have provided that might have affected the result or the fairness of the proceedings.  Further, Petitioner did not seek to call any of these witnesses at either the initial hearing or the rehearing.  (Doc. 15-1 at 9-11, 13-15.)

Insofar as Petitioner suggests in a general fashion in his opposition that the rehearing process denied him his right to equal protection of the laws (doc. 16, 3), Petitioner has not shown any factual basis or legal theory for such a violation.  The Fourteenth

Amendment's Equal Protection Clause is essentially a direction that all persons similarly situated should be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Petitioner can establish an equal protection claim by showing that he was intentionally discriminated against based on his membership in a protected class. See, Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  Petitioner can also establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational basis for the difference in treatment. See, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam); Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02 (2008).  Here, Petitioner has not shown any membership in a protected class or intentionally disparate treatment with respect to similarly situated persons.

With respect to Petitioner's generalized characterization of the BOP's rehearing procedure as cruel and unusual punishment that was deliberately indifferent to his rights (doc. 16, 3), Petitioner has not shown that Petitioner's sanction was disproportionate or excessive.

In summary, the claims in the petition before the Court are no longer subject to redress by the Court.  Further, the factual accuracy of the findings on rehearing are fully supported by the record, the record establishes that Petitioner received procedural due process of law, and there is no indication that Petitioner suffered any legally cognizable prejudice.

Although Petitioner now alleges that other details of the early stages of the prison's disciplinary program are contrary to regulation, the Court concludes that in light of the foregoing

8

analysis, it does not appear that these aspects of Petitioner's confinement bear any relationship to the legality or duration of Petitioner's confinement. Thus, they do not fall within the core of habeas corpus jurisdiction.

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Relief by way of a writ of habeas corpus extends to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990) (holding in a Bivens[1] action that a claim that time spent serving a state sentence should have been credited against a federal sentence concerned the fact or duration of confinement and thus should have been construed as a petition for writ of habeas corpus pursuant to § 28 U.S.C. § 2241, but that to the extent that the complaint sought damages for civil rights violations, it should be construed as a Bivens action); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of a petition challenging conditions of confinement and noting that the writ of habeas corpus has traditionally been limited to attacks upon

---

[1] The reference is to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

9

the legality or duration of confinement); see, Greenhill v. Lappin, 376 Fed. Appx. 757, 757-58 (9th Cir. 2010) (unpublished) (holding that the appropriate remedy for a federal prisoner's claim that relates to the conditions of his confinement is a civil rights action under Bivens); but see Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (holding that habeas corpus is available pursuant to § 2241 for claims concerning denial of good time credits and subjection to greater restrictions of liberty, such as disciplinary segregation, without due process of law); Cardenas v. Adler, no. 1:09-cv-00831-AWI-JLT-HC, 2010 WL 2180378 (E.D.Cal., May 28, 2010) (holding that a petitioner's challenge to the constitutionality of the sanction of disciplinary segregation and his claim that the disciplinary proceedings were the product of retaliation by prison staff were cognizable in a habeas proceeding pursuant to § 2241).

Claims concerning various prison conditions that have been brought pursuant to § 2241 have been dismissed in this district for lack of subject matter jurisdiction with indications that an action pursuant to Bivens is appropriate. See, e.g., Dyson v. Rios, no. 1:10-cv-00382-DLB(HC), 2010 WL 3516358, *3 (E.D.Cal. Sept. 2, 2010) (a claim challenging placement in a special management housing unit in connection with a disciplinary violation); Burnette v. Smith, no. CIV S-08-2178 DAD P, 2009 WL 667199 at *1 (E.D.Cal. Mar. 13, 2009) (a petition seeking a transfer and prevention of retaliation by prison staff); Evans v. U.S. Penitentiary, no. 1:07-CV-01611 OWW GSA HC, 2007 WL 4212339 at *1 (E.D.Cal. Nov. 27, 2007) (claims brought pursuant to § 2241 regarding a transfer and inadequate medical

10

care).

Here, to the extent that any claims remain before the Court, the claims concern conditions of confinement that do not bear a relationship to, or have any effect on, the legality or duration of Petitioner's confinement.  It has long been established that habeas corpus should be used as a vehicle to determine the lawfulness of custody and not as a writ of error.  See Eagles v. U.S. ex rel. Samuels, 329 U.S. 304, 311-12 (1946).  Habeas corpus proceedings are not an appropriate forum for claims regarding disciplinary procedures if the effect of the procedures on the length of the inmate's sentence is only speculative or incidental.  Sisk v. Branch, 974 F.2d 116, 117-118 (9th Cir. 1992).  The Court concludes that if any claims remain before the Court, the claims are not within the core of habeas corpus jurisdiction pursuant to 28 U.S.C. § 2241.  Petitioner has not shown that he is entitled to relief in this proceeding.

In summary, Petitioner has not asserted any factual or legal basis that would preclude a finding of mootness.  The Court thus concludes that the matter is moot because the Court may no longer grant any effective relief.  See, Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (holding that a habeas claim was moot where a former inmate sought placement in a community treatment center but was subsequently released on parole and no longer sought such a transfer); Kittel v. Thomas, 620 F.3d 949 (9th Cir. 2010) (dismissing as moot a petition seeking early release where the petitioner was released and where there was no live, justiciable question on which the parties disagreed).

Accordingly, it will be recommended that the Court grant the motion to dismiss the petition as moot.

III. Recommendations

Accordingly, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition be GRANTED; and

2) The petition for writ of habeas corpus be DISMISSED as moot; and  3) The Clerk be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 2, 2014**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE